UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE PEARSON, | No. 2:20-cv-1719-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| MEDICARE/CMS, et al., | |
| Defendants. | |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Plaintiff brings this action against sixteen defendants, including the Department of Health Care Services, "Medicare/CMS," and various healthcare entities. ECF No. 1. The complaint requests an order: (1) requiring defendants to seal plaintiff's medical records, and (2) precluding them from releasing her medical records without her written permission. *Id*. at 4-5. Plaintiff claims she is entitled to such relief under the Health Insurance Portability and Accountability Act ("HIPAA"). But "HIPAA does not provide any a private right of action" *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009), and the complaint does not assert any other claims.

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Any amended complaint must allege a cognizable legal theory

1    against a proper defendant and sufficient facts in support of that cognizable legal theory.  Should
2    plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the
3    allegations against each defendant and shall specify a basis for this court's subject matter
4    jurisdiction.  Any amended complaint shall plead plaintiff's claims in "numbered paragraphs,
5    each limited as far as practicable to a single set of circumstances," as required by Federal Rule of
6    Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the
7    left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any
8    amended complaint shall also use clear headings to delineate each claim alleged and against
9    which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead
10   clear facts that support each claim under each header.

11          Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
12   make an amended complaint complete.  Local Rule 220 requires that an amended complaint be
13   complete in itself.  This is because, as a general rule, an amended complaint supersedes the
14   original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
15   plaintiff files an amended complaint, the original no longer serves any function in the case.
16   Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
17   alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
18   1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.
19   Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to
20   comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order
21   may result in a recommendation that this action be dismissed.  *See* E.D. Cal. L.R. 110.

22   III.    Conclusion

23          Accordingly, it is hereby ORDERED that:

24          1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

25          2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

26          3. Plaintiff is granted thirty days from the date of service of this order to file an amended
27   complaint.  The amended complaint must bear the docket number assigned to this case and must
28   /////

be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: September 25, 2020.

                                        EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE

4